IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> SQUARE ONE DEVELOPMENT GROUP, INC., a Missouri corporation, SQUARE ONE DEVELOPMENT GROUP, INC., a Missouri corporation, SQUARE ONE HOLDING GROUP, INC., a Colorado corporation; CONSUMER LAW PROTECTION, LLC, a Missouri limited liability company; CONSUMER RIGHTS COUNCIL, INC., a Missouri not-for-profit corporation; RESORT TRANSFER GROUP, LLC, d/b/a CONSUMER LAW PROTECTION LAWYERS, a Missouri limited liability company; PREMIER RESERVATIONS GROUP, LLC, a Missouri limited liability company; GEORGE L. REED, an individual; and LOUANN REED, an individual, <br><br> *Defendants.* | Case No._____ |

## NON-PARTY SQUARE ONE GROUP, LLC'S MOTION TO QUASH SUBPOENA AND/OR FOR A PROTECTIVE ORDER & SUPPORTING MEMORANDUM OF LAW

Non-Party, Square One Group, LLC ("Movant"), moves pursuant to

Fed.R.Civ.P. 26(c), 45(d)(3)(A) and 45(d)(3)(B), to quash and/or for a protective order

against Plaintiffs' Subpoena to Enterprise Bank & Trust ("Enterprise") served November 30, 2021. (Exhibit 1). [1]

1.    Movant, a non-party, has standing under Rules 45(d)(3)(A) and (B) because the Subpoena seeks production of Movant's bank records. *See Nuvasive, Inc. v. Absolute Medical, LLC*, 2019 WL 12517009 (M.D. Fla. Jan. 31, 2019)("parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third party.").

2.    Alternatively, Movant moves pursuant to Rule 26(c) for a protective order against Enterprise's compliance with the Subpoena. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla. 2005)(parties may seek alternative relief "for a protective order if the subpoenas seek irrelevant information.").[2] Under Rule 26(c)(1), "any party *or person* from whom discovery is sought may move for a protective order."

3.    Rule 26(b)(1) governs the scope of permissible discovery for subpoenas under Rule 45, which is "determined by the parties' claims and defenses." *Gulfside, Inc. v. Lexington Ins. Co.*, 2021 WL 1818004, at *2 (M.D. Fla. Mar. 15, 2021).

---

[1] The return date on the subpoena is December 13, 2021.

[2] In *Wyndham Vacation Ownership, Inc. v. Gallagher*, 2019 WL 13064789 (M.D. Fla. Nov. 22, 2019), the Court rejected standing to quash a subpoena for banking records, but considered the challenge as a motion for protective order.

4.    Plaintiffs' Subpoena requests Movant's bank statements, signature pages, corporate resolutions, images of checks/withdrawal slips, applications for funds *under the Paycheck Protection Program*, and "all" documents and correspondence "in connection with" and "related to" *any PPP application*.  (Exhibit 1).

5.    The requested records are wholly irrelevant to this case.  Plaintiffs' Fifth Amended Complaint alleges that Defendants violated the Lanham Act, tortiously interfered (and conspired to tortiously interfere) with Wyndham's contracts with Wyndham Owners, and engaged in unfair and deceptive trade practices.  (Doc. 199). Plaintiffs' claims all depend on the oft-repeated, but unsubstantiated allegation that "Defendants instruct and/or induce Wyndham Owners to cease making payments on their timeshare interests."  (Doc. 199, ¶¶3, 36-37, 48, 136, 181, 197).  This case has nothing to do with Movant's bank transactions, bank records, or PPP loans.  Plaintiffs' effort to harass Movant and the Defendants violates Rules 26 and 45.

6.    The Magistrate Judge in the pending case already denied Plaintiffs' motion to compel documents showing Defendants' "receipt of payments" from Wyndham Owners, (Doc. 174, p. 2), based on Defendants' production of files for 955 Wyndham Owner clients showing the amounts paid by each (including checks and credit card charges).  (Doc. 170, pp. 2-3).   8.   The Subpoena is additionally irrelevant, overbroad, and improper under Rule 26(b) because it seeks data about income from clients other than Wyndham owners. (Declaration of Matt Titus, Exhibit 2.)  *Auto Owners*, at 430 ("The Court . . . finds good cause to prevent the overbroad discovery of the non-parties' finances).

7.  Movant is entitled to recover its expenses pursuant to Fed.R.Civ.P. 26(c).

Respectfully submitted,

The Law Firm of Michael T. George, P.C.

/s/ *Michael T. George*

_____

Michael T. George, #51800MO
3636 S. Geyer Rd., Ste 100
St. Louis, MO 63127
Phone 314-965-2600
Fax 314-584-2384
mtglaw1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2021, I electronically filed the Certificate of Service for the foregoing document with the Clerk of the U.S. District Court, Eastern District of Missouri, using the CM/ECF system, which sent notification of this filing to all attorneys of record.

/s/ *Michael T. George*

Michael T. George